**BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 14,**
Plaintiff,

v.

**RUSSELL PLASTERING COMPANY, Defendant.**

No. 90–70949.

United States District Court, E.D. Michigan, S.D.

Jan. 24, 1991.

Paul T. Gallagher, Ian James Reach, P.C., Ann Arbor, Mich., for plaintiff.

Gerald J. Richter, Federlein, Grylls & Keranen, P.C., Royal Oak, Mich., for defendant.

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MAY 4, 1990 MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MAY 29, 1990 MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

## FACTS

Plaintiff and defendant are parties to a collective bargaining agreement ("CBA"). Plaintiff claims that defendant has violated the terms of the CBA. In a prior case (Case No. 88–74035), plaintiff sued defendant for breach of contract. In the prior case, defendant moved for summary judgment on the grounds that the CBA provides a grievance and arbitration procedure for the resolution of disputes involving the interpretation and application of the CBA. Defendant argued that "[t]he failure to timely file a grievance renders the grievance *void* and of *no effect.*" Defendant's brief at p. 4 (emphasis in original). In an order dated July 11, 1989 this court granted summary judgment against the plaintiff in that prior action.

Plaintiff's position is that the July 11, 1989 order in the prior case, granting summary judgment, and thereby dismissing plaintiff's breach of contract suit implied that the matter should instead proceed to arbitration rather than being litigated in the District Court. Plaintiff brings the instant action to compel defendant to arbitrate the merits of plaintiff's breach of contract claim. Defendant's position, as already noted, is that the order granting summary judgment was based, at least in part, on plaintiff's failure to timely file a grievance, the effect of which was to render the grievance void and of no effect.

Plaintiff, on the other hand, argues that the court, by its summary judgment in the prior action, merely made a finding that plaintiff by suing for breach of contract, was proceeding in the wrong forum, and that the arbitration tribunal, rather than U.S. District Court, was the proper forum. Plaintiff maintains that the court, in the prior action between these parties, made no finding regarding the timeliness of the filing of plaintiff's grievance and did not in any respect address the merits of plaintiff's breach of contract claim.

Defendant argues, in the alternative, that the interpretation and application of the CBA was litigated in the prior case and that plaintiff is collaterally estopped from attempting to relitigate that issue through arbitration.

## ANALYSIS

### A. Basis of Summary Judgment Order in Prior Case

■ The basis of the parties' disagreement on this issue is whether the order

from the prior case, granting summary judgment against the plaintiff, went to the merits of the underlying dispute. Defendant claims that the court, by its order granting summary judgment in that action, made a finding that the dispute should have been arbitrated, also that an arbitration grievance was not timely filed, and that, therefore, the grievance was void and of no effect. Plaintiff contends that "there is no decision on the merits of this issue in Judge Gadola's Order [and that t]he only issue decided by Judge Gadola was that the dispute was arbitrable." Plaintiff cites *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), for the proposition that "in deciding whether the parties have agreed to submit a particular dispute to arbitration, a court is not to rule on the potential merits of the underlying claim."

Having reviewed its order in the prior case, granting summary judgment against the plaintiff, this court concludes that the order was based solely on the failure of plaintiff to submit to arbitration an otherwise clearly arbitrable dispute. The order did not reach the merits of the underlying dispute, and did not address the issue of the timeliness of the filing of plaintiff's grievance, but rather merely held that plaintiff, by bringing a breach of contract suit in U.S. District Court, was in the wrong forum. The prior summary judgment is, therefore, not in and of itself a bar to arbitration of plaintiff's breach of contract claims, although plaintiff's position herein is fraught with additional difficulty, and is addressed *infra*.

B.  *Collateral Estoppel Effect of Summary Judgment Against Bricklayers and Trowel Trades' International Pension Fund, Bricklayers' Industry Advancement Fund, and Bricklayers' Joint Apprenticeship Training (the "Funds")*

■ After this court granted summary judgment in the prior action, against the plaintiff, defendant moved that summary judgment be granted against the remaining plaintiffs, the respective Funds. Defendant argued that the Funds lacked "standing to assert a claim for damages against defendant Russell because the remaining trust funds are bound by the same terms and conditions of the collective bargaining agreement as the union itself...." Defendant's brief at p. 3. Counsel for the Funds[1] chose to oppose this motion and to proceed to litigate the merits of the underlying dispute between the parties.

On June 18, 1990 Magistrate Marc L. Goldman issued a report and recommendation that interpreted the CBA and determined the merits of the underlying dispute. That report and recommendation stated as follows:

In the absence of any specific language mandating such a result, I conclude that it would be unjust to interpret the agreement's provision relating to its geographic parameters in the manner proposed by plaintiffs. There has never been any indication that, when Local 14 gave its consent to permit Russell to bring in plasterers from Local 67, this consent was given on the condition that Local 67 workers would only be allowed to earn wages, but that their fringe benefit contributions would have to be paid, not for the benefit of the workers who earned them, but to the Local 14 funds instead. As Russell points out, under plaintiff's interpretation, the Washtenaw union could be reduced to a single member and that sole member would reap the rewards of all the fringe benefit contributions paid into the fund as a result of the work performed by Local 67's members. A common sense, equitable approach to the parties' dispute mandates that in the absence of any express language in the collective bargaining agreement to support Local 14's interpretation, the agreement's silence should not be construed to require Russell to make fringe benefit contributions to Local 14 based on the work of Local 67's plasterers. Rather, the payment of fringe benefits by the employer should correspond with the af-

---

**1.** It should noted that there was only one coun-    sel representing all plaintiffs.

filiation of each worker; that attributable to the work of a Local 67 member should be paid to his or her pension fund; that attributable to the work of a Local 14 member be paid to Local 14's fund. There is no basis under the contract for reaching a different result.

Report and Recommendation at pp. 13–14. An order by this court issued October 15, 1990 accepted the above report and recommendation.

"The doctrine of collateral estoppel provides that a right, question, or fact which is distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction cannot be disputed in a subsequent action between the same parties or their privies, even if the subsequent suit is on a different cause of action." 21 Fed.Proc., L.Ed. § 51:212. In the instant action plaintiff seeks to compel arbitration of an issue which this court has already decided on the merits, i.e. the interpretation and application of the CBA. Clearly, plaintiff is disputing an issue previously decided by this court. Moreover, there is no doubt that the Funds are, and were, in privity with the plaintiff in the instant action. Had the Funds obtained a judgment against defendant in the prior action, that judgment would have ended the litigation between the plaintiff and defendant in this action because the plaintiff is seeking contributions to the Funds. Moreover, if the plaintiff were to obtain a judgment against defendant as result of arbitration, that judgment would directly benefit the Funds. Therefore, the plaintiff is precluded from relitigating the issue of the interpretation and application of the CBA as decided by this court in the prior action between the parties.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant's May 4, 1990 motion for summary judgment is GRANTED and plaintiff's May 29, 1990 motion for summary judgment is DENIED.